IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERRY ANTHONY HOLLAND f/k/a TERRY HOLLAND,<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, and Karla Balli, Brandin Wolf, L. Keller Mackie, Michael Zientz, Lori Liane Long, Chelsea Schneider, and Ester Gonzalez,<br><br>Defendants. | § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 3:23-cv-00176 |

## NOTICE OF REMOVAL

Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") files this Notice of Removal under 28 U.S.C. § 1441 and respectfully shows the Court as follows:

### SUMMARY

1. Plaintiff filed this action on or about June 5, 2023, in the County Court at Law No. 3 of Galveston County, Texas, under Cause No. CV-0091674, in the matter styled *Terry Anthony Holland f/k/a Terry Holland vs. NewRez LLC d/b/a Shellpoint Mortgage Servicing, and Karla Balli, Brandin Wolf, L. Keller Mackie, Michael Zientz, Lori Liane Long, Chelsea Schneider, and Ester Gonzalez* (the "State Court Action").

2. Service was effectuated by delivering the Petition to the register agent for NewRez on June 7, 2023. Thus, removal is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not elapsed since NewRez was served with the citation and petition.

3. In accordance with 28 U.S.C. Section 1446(a) and Local Rule 81, this Notice of Removal is accompanied by copies of the following:

**Exhibit A:** An index of documents being filed.

**Exhibit B:** A copy of the State Court Docket Sheet.

**Exhibit C:** All Pleadings, Process, and Order from the State Court, including:

    **Exhibit C1:** Plaintiff's Petition, filed June 5, 2023

    **Exhibit C2:** Temporary Restraining Order, entered June 5, 2023

    **Exhibit C3:** Citation to NewRez, issued June 5, 2023

    **Exhibit C4:** TRO Issued to NewRez, issued June 5, 2023

    **Exhibit C5:** Case Information Statement filed June 5, 2023

    **Exhibit C6:** Jury Demand filed June 13, 2023

    **Exhibit C7:** Defendant's Original Answer, filed June 15, 2023

**Exhibit D:** A List of all Counsel of Record

**Exhibit E:** Defendant's Rule 7.1 Disclosure Statement

## DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of the Parties, and the amount in controversy exceeds $75,000.00.

   A. *Complete diversity exists after nominal or fraudulently joined parties are disregarded.*

5. The controversy is entirely between citizens of different states as required for diversity jurisdiction by 28 U.S.C. § 1332.

6. Plaintiff is a citizen of Texas.

7. NewRez LLC d/b/a Shellpoint Mortgage Servicing is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member. Its sole member is Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC has two members—NRM Acquisition LLC and NRM Acquisition II LLC—both of which are Delaware limited liability companies. They each have just one member. New Residential Mortgage LLC, a Delaware limited liability company, is the sole member of both NRM Acquisition LLC and NRM Acquisition II LLC. New Residential Mortgage LLC has one member. Its sole member is Rithm Capital Corp., fka New Residential Investment Corp., a Delaware corporation with its principal place of business in New York. As a result, Defendant is a citizen of Delaware and New York.

8. Defendants Karla Balli, Brandin Wolf, L. Keller Mackie, Michael Zientz, Lori Liane Long, Chelsea Schneider, and Ester Gonzalez (collectively the "Mackie Defendants"), all attorneys with the law firm of Mackie Wolf Zientz & Mann P.C., are nominal parties and have been improperly joined. Accordingly, they should be disregarded for the purpose of determining diversity jurisdiction.

9. The citizenship of a nominal party is disregarded for determining diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 465-66 (1980). A defendant is nominal if the court can enter a final judgment without the defendant, and the judgment is not unfair to the plaintiff. *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). Plaintiff has also failed to plead any claims against the Mackie Defendants and any claim made by Plaintiff would be barred by the doctrine of attorney immunity. *Gooden v. Mackie*, No. 4:19-CV-02948, 2020 WL 714291, at *4 (S.D. Tex. Jan. 23, 2020), report and recommendation adopted,

No. CV H-19-2948, 2020 WL 710340 (S.D. Tex. Feb. 12, 2020) Plaintiff's Complaint incorrectly identifies the Mackie Defendants as "Substitute Trustees" (see at ) Even if the Mackie Defendants were substitute trustees, substitute trustees are considered nominal parties whose presence is disregarded for determining diversity. *Zavala v. M & T Trust Co.*, 2011 WL 6739614, at *2 (W.D. Tex. Dec. 22, 2011) (citing *Navarro Sav. Assoc.*, 446 U.S. at 465-66). The Mackie Defendants are therefore nominal parties.

10. Further, the citizenship of the Mackie Defendants need not be considered in determining diversity of citizenship under the doctrine of improper joinder. Improper joinder is established by showing: (i) actual fraud in pleading jurisdictional facts; or (ii) the inability of the plaintiff to establish a cause of action against the non-divest defendant. *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).

11. Here, the Mackie Defendants are improperly joined as a defendant because Plaintiff failed to allege any facts that would possibly establish a cause of action against the Mackie Defendants. Plaintiff failed suit to prevent NewRez from foreclosing on his loan and selling his property. The Mackie Defendants have no claim to the loan or the subject property, thus Plaintiff has no reasonable probability of recovery against the Mackie Defendants. *WAMCO XXVIII, Ltd. v. Casa Grande Cotton Finance Co.*, 314 F.Supp.2d 655, 658 (N.D. Tex. 2004).

12. Because the Mackie Defendants are nominal parties and have been improperly joined, it is not necessary to consider the citizenship of the Mackie Defendants in determining diversity. As a result, complete diversity exists between Plaintiff and U.S. Bank, and this Court has removal jurisdiction. 28 U.S.C. § 1441(b)(2).

B. *The amount of controversy exceeds $75,000.00.*

13. The amount in controversy is over $75,000.00.

14. When the right to property is in question, the value of the property determines the jurisdictional amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). The amount in controversy requirement may be satisfied if the fair market value of the subject property exceeds $75,000.00. *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp.2d 1039, 1048 (5th Cir. 2010).

15. In his Petition, Plaintiff states the approximate value of the property at issue as $906,810.00 (Plaintiff's petition, page 5 at paragraph 14) and attaches the valuation from the Galveston County Appraisal District to his petition as Exhibit D.

16. According to the Hidalgo County Appraisal District, the subject property's fair market value is $906,810. As a result, Plaintiff has placed at issue an amount in controversy that exceeds the $75,000.00 minimum requirement.

## VENUE

17. Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(1) because this district and division embrace the County Court at Law, No. 3 of Galveston County, Texas, the forum in which the removed action was pending.

## NOTICE

18. Concurrently with the filing of this Notice, U.S. Bank will file a copy of this Notice of Removal with the Clerk of the County Court at Law, No. 3 of Galveston County, Texas.

## CONCLUSION

19. Removal is proper under 28 U.S.C. §§ 1331 and 1332: (a) this is a civil action brought in a state court; (b) the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1331, because the case arises under federal law, and (c) there is

complete diversity and the amount in controversy exceeds $75,000.00.Therefore, NewRez removes this action from the County Court at Law, No. 3 of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

    Respectfully submitted,

    */s/ William Jennings*
    Jeremy J. Overbey
    Texas Bar I.D. 24046570
    Southern District Admission # 1129339
    *joverbey@settlepou.com*
    William Jennings
    Texas Bar I.D. 24127205
    Southern District Admission # 3747546
    *wjennings@settlepou.com*

    SETTLEPOU
    3333 Lee Parkway, Eighth Floor
    Dallas, Texas  75219
    (214) 520-3300
    (214) 526-4145 (Facsimile)

    ATTORNEYS FOR NEWREZ LLC

## Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on June 15, 2023, by the manner indicated upon the following persons:

Via Email

Jonathan A. Zendeh Del
jonathan@zendehdel.com

Gabe Perez
gabe@zendehdel.com

ZENDEH DEL & ASSOCIATES PLLC
1813 61st Street, Suite 101
Galveston, Texas 77551
*Attorneys for Plaintiff*

> */s/ William Jennings*
> William Jennings